JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kristen Brinkman, individually, and on behalf of all similarly situated persons

**DEFENDANTS**
Google, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
       *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Contra, Costa
       *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard M. Golomb, Esq. Kenneth Grunfeld, Esq. Tammi Markowitz, Esq
Golomb & Honik, P.C.
1500 Market Street, Ste. 1100 Philadelphia, PA 19102 215-985-9177

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1   U.S. Government   Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government   Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |    Corrupt Organizations |
|    Student Loans | ☐ 340 Marine |    Injury Product | | | ☐ 480 Consumer Credit |
|    (Excl. Veterans) | ☐ 345 Marine Product |    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |    Act | ☐ 862 Black Lung (923) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage |    Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 790 Other Labor Litigation | |    Act |
| |    Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |    Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting |    Sentence | |    or Defendant) |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | |    26 USC 7609 |    State Statutes |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| |    Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | |
| |    Other | ☐ 560 Civil Detainee - |    Alien Detainee | | |
| | ☐ 448 Education |    Conditions of |    (Prisoner Petition) | | |
| | |    Confinement | ☐ 465 Other Immigration | | |
| | | |    Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from another district *(specify)*
☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1332

Brief description of cause:
Violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act (18 Pa. Cons.Stat. section 5701)

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   None in this District     DOCKET NUMBER

DATE
11/30/2012

SIGNATURE OF ATTORNEY OF RECORD
*Tammi Markowitz, Esq*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1126 O'Neil Street, Apartment A, Philadelphia, PA  19123

Address of Defendant: 1600 Amphitheatre Parkway, Mountview, California

Place of Accident, Incident or Transaction: Commonwealth of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☒    No ☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Violation of Pennsylvania's wiretapping and electronic surveillance control act

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, TAMMI MARKOWITZ, ESQUIRE, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/30/12          _____          84822
                        Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

11/30/12

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/30/12          _____          84822
                        Attorney-at-Law                     Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KRISTEN BRINKMAN, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS<br><br>v.<br><br>GOOGLE, INC. | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| | | |
|---|---|---|
| 11/30/12 | TAMMI MARKOWITZ, ESQUIRE | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-985-9177 | 215-985-4169 | tmarkowitz@golombhonik.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kristen Brinkman, individually, and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>Google, Inc.,<br><br>Defendant. | CIVIL ACTION NO._____<br><br>(JURY TRIAL DEMANDED) |

## CLASS ACTION COMPLAINT

Plaintiff, Kristen Brinkman, individually, and on behalf of the class described below, brings this state-wide class action suit against Defendant, Google, Inc. (hereinafter "Google"), and alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations:

## PARTIES

1.      Plaintiff is a citizen of the Commonwealth of Pennsylvania, and resides in Philadelphia County, Pennsylvania, which is within the Eastern District of Pennsylvania.

2.      Google is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.

3.      At all times relevant herein Google was acting individually and by and through its officers, agents, servants and/or employees in the course and scope of their agency and employment.

1

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction of this matter, *inter alia*, under the Class Action Fairness Act ("CAFA"), 29 U.S.C. §1332(d)(2).  Plaintiff and Defendant are citizens of different states, the amount in controversy in this action exceeds $5,000,000.00, there are more than one hundred (100) members of the putative class and all class members are citizens of the Commonwealth of Pennsylvania.

5.     The Court has general and specific personal jurisdiction over the Defendant Google due to its sufficient minimum contacts within the Commonwealth of Pennsylvania and because the material acts upon which Plaintiff's claims are based occurred within the Eastern District of Pennsylvania

6.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391(b) in that Defendant Google resides in the Eastern District of Pennsylvania under 28 U.S.C. §1391(c)(2) and a substantial part of the events giving rise to the claims occurred within the Commonwealth of Pennsylvania.

## NATURE OF THE SUIT

7.     Plaintiff brings this state-wide class action lawsuit against Google pursuant to F.R.C.P. 23 for violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act codified at 18 Pa. Cons. Stat. §5701 *et seq.*  Specifically, Plaintiff alleges that the Defendant has violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act through its intentional interception and use of electronic communications sent by Plaintiffs and members of the Putative Class in Pennsylvania to Google's "Gmail" account holders within Pennsylvania.

2

8.      Google operates an e-mail service known as "Gmail." Gmail account holders are assigned a Gmail e-mail address by Google through which they can send and/or receive electronic communications.

9.      Upon information and belief Google, utilizing multiple devices and methodologies, intercepts and scans all electronic communications sent to Gmail account holders prior to their receipt and review by the Gmail account holder/recipient.

10.     The actions complained of herein involve the interception and use of content from Plaintiff's and Class Members' Pennsylvania electronic communication (e-mail) whose e-mails are sent to a Pennsylvania Gmail account holder, whether through the utilization of an electronic communication to the Gmail user, a response or reply to an electronic communication from the Gmail user, or any subsequent new electronic communication transmitted by Plaintiff and/or Class Members to a Gmail user.

11.     Google's systematic interception and use of electronic communications sent from Plaintiff and other non-Gmail account holders/users violates 18 Pa. Cons. Stat. §5701 *et seq.*

## FACTS

12.     Google owns and operates one of the world's largest internet search engines. Google offers many services, including e-mail address and internet usage, for free to attract large numbers of customers or users. Google generates revenue by selling on-line advertising which is aimed at its customers/users utilizing its free services. Google is able to attract more advertisers or charge higher advertising prices by virtue of attracting more customers/users or usage of Google services than other internet search engines or services providers.

13.     "Gmail" is an electronic communications service operated by Google.

14.     Google assigns Gmail account holders a Gmail e-mail address (username@gmail.com) for the purpose of sending and receiving electronic communications through the electronic communication service operated by Google (i.e. Gmail). Gmail account holders can receive electronic communication from other Gmail account holders and from non-@gmail.com account holders.

15.     Plaintiff has sent and continues to send electronic communications in Pennsylvania to @gmail.com account holders in Pennsylvania.

16.     Upon information and belief, prior to the Gmail users ever receiving Plaintiff's e-mail, Google intercepts Plaintiff's e-mail.  Google's interception of Plaintiff's confidential e-mail communications without Plaintiff's knowledge, consent or permission is a violation of 18 Pa. Cons. Stat. §5701 *et seq.*

17.     Google is not an intended recipient of or a party to Plaintiff's e-mails sent to Gmail users in Pennsylvania.

18.     The devices used by Google are not a telephone or telegraphic instrumentS, they are not telephone or telegraph equipment, they are not a telephone or telegraph facility and they are not any component thereof.  Therefore, any exception set out in 18 Pa. Cons. Stat. §5702 does not apply.

19.     Google's interception and use of content of electronic communications from Plaintiff and the Class members is not within the normal course of business of an electronic

communication service such as an e-mail provider and is not a necessary incident to providing e-mail services or to the protection of the rights or property of Google.

20.     Within the Class Period, Plaintiff has sent and continues to send e-mails to Gmail account holders in Pennsylvania from various locations within Pennsylvania.

21.     Plaintiff's e-mails are electronic communication.

22.     Plaintiff's e-mails contain private, personal and confidential information.

23.     At the time Plaintiff sent the e-mails to @gmail.com account holders, Plaintiff did so from her hotmail account.

24.     Upon information and belief, Google intentionally intercepted and used the content of Plaintiff's e-mails to @gmail.com account holders.

25.     Google did not compensate Plaintiff for the interception and use of the content of Plaintiff's e-mail, did not have her permission or indeed, even advise Plaintiff that her private e-mails to @gmail.com account holders within Pennsylvania were being intercepted and used by Google for its own purposes.

## CLASS ALLEGATIONS

26.     Plaintiff hereby repleads and incorporates by reference each and every allegation set forth above, and further states as follows:

27.     Plaintiff brings this class action, pursuant to F.R.C.P. 23, on behalf of herself and all others similarly situated. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements for class treatment.

28.     The Class consists of:

All natural persons located within the Commonwealth of Pennsylvania who sent e-mails from a non-@gmail.com account e-mail address to an @gmail.com account e-mail address the owner of which was also located within Pennsylvania from within the longest period of time allowed by statute before the filing of this action up through and including the date of the judgment in this case;

Excluded from the class are the following individuals and/or entities:

a.      Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

b.      Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

c.      Current or former employees of Google;

d.      Individuals, if any, who have previously settled or compromised claims as identified herein for the class; and

e.      All judges assigned to hear any aspect of this litigation, as well as their immediate family members.

## A.      Numerosity

29.     The class is so numerous that joinder of all members is impracticable.

30.     The number of separate individuals who sent e-mails from a non@gmail.com account e-mail address to an @gmail.com account e-mail address from within the longest period of time allowed by statute before the filing of this action is in excess of 100 persons.

### B. Commonality

31.     There are questions of law or fact common to the class. Those questions include, but are not limited to the following:

a.      Whether or not Google intentionally intercepted, endeavored to intercept or procured any other person to intercept Plaintiff's and Class Members' electronic communications to @gmail.com account recipients. Inclusive in this common question are the common questions regarding the elements of the Pennsylvania statutes including,:

- Whether or not Google acted intentionally;

- Whether or not Plaintiff's and Class Members' e-mails to the @gmail.com account recipients were electronic communications;

- Whether or not statutory damages against Google should be assessed; and

- Whether or not injunctive and declaratory relief against Google should be issued.

### C. Typicality

32.     Plaintiff's claims are typical of the claims of the Class in that Plaintiff and the Class sent e-mails to @gmail.com account holders, Google intercepted and acquired the e-mails' contents, Google used or endeavored to use the contents of the Plaintiff's and the Class Members' e-mails, the users of Gmail did not consent to the interception and uses made the basis of this suit, neither Plaintiff nor the Class consented to Google's interception and uses of content made the basis of this suit, Plaintiff and the Class Members are entitled to declaratory relief, statutory damages and injunctive relief due to Google's conduct. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class Member.

**D. Adequacy of Representation**

33.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interest do not conflict with the interests of the Class members. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class. Moreover, Plaintiff has or can acquire adequate financial resources to assure that the interests of the class will not be harmed. Counsel for plaintiffs have agreed, consistent with the Pennsylvania Rules of Professional Conduct, specifically Rule 1.8(e)(1), to advance the court costs and expenses of litigation on their behalf, contingent on the outcome of this litigation.

34.    Plaintiff is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

35.    Plaintiff asserts that a class action is superior to other available methods for the fair and efficient adjudication of this controversy because questions of law or fact common to the class predominate over questions affecting only individual members, and the amount of each individual Class member's claim is small relative to the complexity of the litigation.

## CAUSE OF ACTION

## VIOLATIONS OF 18 PA. CONS. STAT. §5701 *ET SEQ.*

36.    Plaintiff hereby repleads and incorporates by reference each and every allegation set forth above, and further states as follows:

37.    Google, as a corporation, is a "person" pursuant to 18 Pa.C.S. § 5702.

38.     Throughout the entirety of the conduct upon which this suit is brought, Google's actions were/are intentional and willful.

39.     Google willfully and intentionally intercepted, intercepts, or endeavored or endeavors to intercept the private, personal and confidential electronic communications of Plaintiff's e-mails and Class Members e-mails as follows:

- Google acquired(s) the content of Plaintiff's and Class Members' e-mail;

- Plaintiff's and Class Members' e-mails are electronic communications;

- Google utilized(s) one or more devices composing of an electronic, mechanical or other device or apparatus to intercept Plaintiff's and Class Members' electronic communications;

- Google's intercepting devices are not a telephone or telegraphic instrument, are not telephone or telegraph equipment, are not a telephone or telegraph facility and they are not any component thereof.

- Google does not furnish the devices used to intercept the e-mails to Gmail users and users do not use the devices for connection to the facilities;

- The devices are not used by Google, operating as an electronic communication service, in the normal course of business of an electronic communication service and are not a necessary incident to providing e-mail services or to the protection of the rights or property of Google.

- Google's interception of Plaintiff's and Class Member's electronic communications for undisclosed and improper purposes --delivering targeted advertisments-- for purposes beyond the Service of Gmail, in violation of its user agreements, in violation of its contracts with third parties, and in violation of its statements to users, are not within the normal course of business of a providers of an electronic communication service.

40.     Google intentionally used, uses, or endeavored or endeavors to use the contents of Plaintiff's and Class Members' electronic communication knowing or having reason to know that the information was obtained through the interception of the electronic communication in violation of 18 Pa. Cons. Stat. §5701 *et seq.*

41.    Google's interception and use of the contents of Plaintiff's and Class Members' electronic communication were not subject to any exceptions set out in 18 Pa. Cons. Stat. §5702 and § 5704.

42.    Plaintiff did not consent to the interception or use of her electronic communications and, upon information and belief, neither did any of the Class Members.

43.    As a result of Google's violations of 18 Pa. Cons. Stat. §5701 *et seq.*, pursuant to § 5725, Plaintiff and the Class are entitled to:

     a.    Preliminary and permanent injunctive relief to halt Google's violations;

     b.    Appropriate declaratory relief;

     c.    For Plaintiff and each Class Member, the greater of $100 a day for each day of violation or $1,000 whichever is higher;

     d.    Punitive damages; and

     e.    Reasonable attorneys' fees and other litigation costs reasonably incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

     1.    An order certifying the Class and appointing Plaintiff and her counsel to represent the Class;

     2.    Judgment against the Defendant for Plaintiff's and the Class' asserted cause of action;

     3.    Appropriate declaratory relief against Defendant;

4.   Preliminary and permanent injunctive relief against Defendant;

5.   An award of statutory damages to the Plaintiff and the Class, for each the greater of $100 a day for each day of violation or $1,000 whichever is higher;

6.   Punitive damages;

7.   An award of reasonable attorneys' fee and other litigation costs reasonably incurred; and

8.   Any and all other relief to which the Plaintiff and the Class may be entitled.


                                    GOLOMB & HONIK, P.C.

                                    /s/ Richard Golomb
                                    _____
                                    **RICHARD GOLOMB, ESQUIRE**
                                    **KENNETH J. GRUNFELD, ESQUIRE**
                                    **TAMMI MARKOWITZ, ESQUIRE**
                                    Attorneys for Plaintiff, and Class

**Dated:**   **November 30, 2012.**